THE STATE OF MISSOURI, Respondent, *v.* JULIAN PICKLES, Appellant.

· January 31, 1876.

An indictment contained two counts, charging different statutory offenses. The jury found the defendant guilty under one count only, and assessed a punishment inapplicable to that count, but which might have been applicable to the other. *Held*, a ground for reversal, with directions to the court below to proceed as required by the statute in such cases.

APPEAL from the St. Louis Criminal Court.
*Reversed and remanded.*

*Johnson* and *Cornwall*, for appellant.

*J. C. Normile*, Circuit Attorney, for respondent.

LEWIS, J., delivered the opinion of the court.

The defendant was indicted, with two others, for a felonious assault. The only exception saved during the trial was to the instructions given by the court. No brief is

filed for the appellant, and, so far as we can discover, the instructions are without fault. The indictment contained several counts, all of which were abandoned by the State except the two first. Of these the first was for assault with intent to kill, under section 29, p. 449, Wagner's Statutes; and the second was for wounding, disfiguring, etc., under section 33, p. 450. The punishment prescribed for the first of these offenses is exclusively imprisonment in the penitentiary for not exceeding ten years. For the second it may be assessed at fine and imprisonment in the county jail. The court, in its instructions, clearly set the law to this effect before the jury. The verdict was in the following words :

" We, the jury in the above case, find the defendant guilty of an assault to kill, as charged in said indictment, and assess his punishment at a fine of one hundred dollars and one year's imprisonment in the county jail."

This was clearly a conviction on the first count in the indictment, and an acquittal on the second. Yet the jury assessed a punishment which was not admissible for the offense charged in the first count, and could only attach to the crime of which the defendant was acquitted. This is error manifest on the face of the record.

The statute provides a corrective for such cases, to be applied by the trial court. As this was not done, the judgment must be reversed and the cause remanded for proper proceedings in the court below. The other judges concur.